**SO ORDERED.**

**SIGNED this 27 day of December, 2006.**



_____
**ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RICHARD MORGAN STEWART, IV, | ) | Case No. 04-16838 |
| VALERIE ANN STEWART, | ) | Chapter 7 |
| Debtors. | ) | |
| _____ | ) | |
| J. MICHAEL MORRIS, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 05-5090 |
| | ) | |
| SNAP ON CREDIT, L.L.C., f/k/a | ) | |
| SNAP-ON CREDIT CORPORATION, | ) | |
| BRIAN UNRUH, | ) | |
| Defendants. | ) | |
| _____ | ) | |

**SUPPLEMENTAL ORDER ON NOTICE AND ORDER REGARDING
MEMORANDUM OPINION**

On December 4, 2006 the Court issued *sua sponte* a Notice and Order Regarding its

Memorandum Opinion and Judgment on Decision entered November 1, 2006 ("Notice and Order")

1

(Dkt. 44). The Notice and Order was issued after the Court received unsolicited correspondence from the Kansas Secretary of State's Office indicating that an error was made in the UCC financing statement search requested by the plaintiff trustee. The Secretary of State indicated that an error was made in not disregarding the suffix "IV" in debtor's name. Pursuant to the Notice and Order, the Court directed counsel for the parties to address the impact of the search error on the Court's November 1, 2006 Memorandum Opinion. The parties have now submitted their written memoranda (Dkt. 45 and 46) and the Court is ready to rule.

The Court has carefully reviewed the unsolicited letter it received from the Kansas Secretary of State Office. The Court concludes that the letter's content would not change the legal conclusion reached by the Court in its November 1, 2006 Memorandum Opinion that the financing statement filed by Snap-On was seriously misleading because a search under the debtor's full legal name would not have revealed Snap-On's financing statement. Even if the suffix "IV" to debtor's name were properly dropped when conducting the search for "Stewart, Richard Morgan," the search would not have revealed a financing statement filed under the name of "Richard Stewart" because the search request used the debtor's full legal name of Richard Morgan Stewart. Where a search request uses the debtor's middle name, as opposed to a middle initial or no middle name, the standardized search logic will reveal only exact matches. *See* KAN. ADMIN. REG. § 7-17-22(b)(8) (2003). The Court therefore concludes that the search error noted by the Secretary of State does not change this Court's previous legal conclusion that Snap-On's financing statement was seriously misleading under KAN. STAT. ANN. § 84-9-506(b) and is defeated by a trustee's rights as a hypothetical lien creditor under 11 U.S.C. § 544(b).

In addition, the Court notes that Snap-On did not appeal the Memorandum Opinion and Judgment on Decision entered November 1, 2006. Snap-On concedes in its submission that it paid the judgment in full on November 27, 2006 and does not suggest that it did so involuntarily (Dkt. 45 at 2). Given Snap-On's concession, the Court concludes that Snap-On acquiesced in the judgment and that no justiciable case or controversy remains. *See Alliance Mortgage Co. v. Pastine*, 33 Kan. App. 2d 442, 104 P.3d 405 (2005). It is simply too late to reopen the adversary proceeding and reconsider the Court's decision. *See Out of Line Sports, Inc. v. Rollerblade, Inc.*, 213 F.3d 500 (10th Cir. 2000); *Bingham v. Yingling Chevrolet Co.*, 297 F.2d 341 (10th Cir. 1961).

The Court's Memorandum Opinion and Judgment on Decision entered November 1, 2006 shall stand.

# # #